UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS TOMAS GARCIA,<br><br>Petitioner,<br><br>v.<br><br>JARED LOZANO,<br><br>Respondent. | No. 2:22-cv-0629 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

I.     Petition

In 1984, petitioner was convicted of second-degree murder and sentenced to twenty-two years to life imprisonment. ECF No. 1 at 1-2. He now challenges the October 27, 2021 decision by the Board of Parole Hearings (BPH) denying him parole. Id. at 5-8; ECF No. 1-1. Petitioner asserts that his due process rights were violated when the BPH denied parole for three years when there was nothing in the record to support the finding that petitioner remained a threat to public safety and when it denied his request for elderly parole. ECF No. 1 at 5-6; ECF No. 1-1 at 3, 5-7, 13, 16. He also alleges that the denial of parole rendered his sentence disproportionate and excessive and that he has already exceeded the base term for his offense. ECF No. 1 at 5-6; ECF No. 1-1 at 3, 6-10, 31-65.

1

## II. Discussion

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Id. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 219-20. The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). Cooke, 562 U.S. at 220. Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).

The transcript attached to the petition makes clear that petitioner was present at the hearing, represented by counsel, and provided a statement of the reasons parole was denied. ECF No. 1-2 at 1, 69-77. "[T]he beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Cooke, 562 U.S. at 220. The Ninth Circuit has acknowledged that after Cooke, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Petitioner received all the process he was due and his challenge to the denial of parole is therefore not cognizable.

To the extent petitioner appears to argue that the refusal to grant parole has rendered his sentence excessive—both because he has exceeded the base term for his offense and because In re Rodriguez, 14 Cal. 3d 639 (Cal. 1975), requires the Board to set a maximum term—he has also

2

1. failed to viable claims for relief. ECF No. 1 at 5-6; ECF No. 1-1 at 3, 6-10, 31-65. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"). This includes the interpretation or application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law"). Accordingly, to the extent petitioner is alleging that the state failed to follow or inappropriately applied state laws, his claims for relief fail.

Furthermore, with respect to petitioner's claims that he has exceeded the base term for his offense, "base term calculations were designed to set forth an inmate's *minimum* sentence, not to reflect the maximum sentence permitted by the Constitution." In re Butler, 4 Cal. 5th 728, 746 (Cal. 2018) (emphasis in original). Additionally, the requirements of Rodriguez are not applicable to petitioner's case. Rodriguez' requirement that the BPH set a maximum term for indeterminately sentenced prisoners applies to prisoners sentenced prior to the state's 1976 adoption of "a mostly 'determinate' sentencing regime," and "was *not* constitutionally required for the 'narrower category' of serious offenders who receive indeterminate sentences under current law." Butler, 4 Cal. 5th at 733, 744-45 (emphasis in original) (citing In re Dannenberg, 34 Cal. 4th 1061, 1077-78, 1097 (Cal. 2005)). Petitioner committed his offense in 1983 and was convicted and sentenced in 1984 (ECF No. 1 at 1; ECF No. 1-1 at 2-3), after the change in the state's sentencing laws.

Finally, to the extent petitioner contends that the failure to release him violated his due process rights and the Eight Amendment's prohibition of cruel and unusual punishment because he has served more than the nineteen-year base term established by the Board, he also fails to state a claim. With respect to the due process portion of petitioner's argument, it is established that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."

Cooke, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 7).  If state law does create a liberty interest in parole, "[w]hatever liberty interest exists is . . . a *state* interest."  Id. (emphasis in original).  Due process is satisfied as long as the state provides an inmate seeking parole with "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  Id. (citing Greenholtz, 442 U.S. at 16).  As already addressed, the petition and exhibits establish that petitioner was afforded at least the minimal procedures required to satisfy due process.

As for petitioner's Eighth Amendment claim, a criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980).  However, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime.  United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).  Such instances are "exceedingly rare" and occur in only "extreme" cases.  Andrade, 538 U.S. at 73; Rummel, 445 U.S. at 272.  "A punishment within legislatively mandated guidelines is presumptively valid."  United States v. Mejia–Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (citing Rummel, 445 U.S. at 272).  "'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'"  Id. (quoting United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

The United States Supreme Court has held that a life sentence is constitutional, even for a non-violent property crime.  See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was his first felony offense).  Accordingly, a life sentence for second degree murder, such as was committed by petitioner, would not constitute cruel and unusual punishment under the Eighth Amendment.  United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) ("Under Harmelin, it is clear that a mandatory life sentence for murder does not constitute cruel and

unusual punishment." (citing <u>Harmelin</u>, 501 U.S. at 1005)).  Accordingly, petitioner's claim of cruel and unusual punishment cannot succeed as a matter of law and must be dismissed.

### III. Conclusion

For these reasons, it is clear from the face of the petition that petitioner is not entitled to relief and the petition should be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for writ of habeas corpus be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: April 11, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE