UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS TOMAS GARCIA, | No. 2:22-cv-00629-TLN-AC |
| Petitioner, | |
| v. | **ORDER** |
| JARED LOZANO, | |
| Respondent. | |

By the Court's Order filed July 25, 2022, this action was dismissed and the Court declined to issue a certificate of appealability. (ECF No. 13.) Judgment was entered the same day. (ECF No. 14.) On August 17, 2022,[1] Petitioner filed a motion for reconsideration and request for appointment of counsel. (ECF No. 15.)

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N.*

---

[1] Since Petitioner is a prisoner proceeding *pro se*, he is afforded the benefit of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

*Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (citations omitted).  Since Petitioner's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)–(4).

Petitioner asserts that his objections to the findings and recommendations were timely and that the adoption of the findings and recommendations was "unadulterated error."  (ECF No. 15.)  As noted in the July 25, 2022 Order, Petitioner's objections were considered despite their untimeliness and the claim that they should have been considered does not establish grounds for reconsideration of the Order.  Furthermore, Petitioner's conclusory assertion that the adoption of findings and recommendations was in error is not supported by any facts that would establish grounds for reconsidering the dismissal of the petition and decision not to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration and Request for Appointment of Counsel (ECF No. 15) is DENIED.

**DATED:  September 19, 2022**

Troy L. Nunley
United States District Judge